Caroline Larsen, SBN 022547
Ricardo R. Bours, SBN 034054
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.,
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602-778-3700
Fax: 602-778-3750
caroline.larsen@ogletree.com
ricardo.bours@ogletree.com
Attorneys for Defendants Suns Legacy Partners,
L.L.C. and Phoenix Mercury Basketball, L.L.C.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Martese Monroe and Cass Monroe, wife and husband,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>Suns Legacy Partners, LLC, a Delaware limited liability company; Phoenix Mercury Basketball, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | No.<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Suns Legacy Partners, L.L.C. and Phoenix Mercury Basketball, L.L.C. (collectively, "Defendants") remove this action from the Superior Court of the State of Arizona, County of Maricopa, to the United States District Court for the District of Arizona. Defendants remove this case on the grounds of diversity jurisdiction. Complete diversity of citizenship exists between and among Plaintiffs Martese Monroe and Cass Monroe ("Plaintiffs") and Defendants, and the amount in controversy exceeds $75,000.

## I. **BACKGROUND**

Plaintiffs filed their Complaint on October 5, 2022 in the Superior Court of the State of Arizona, Maricopa County. The Complaint initially named Suns Legacy Partners, L.L.C., Phoenix Mercury Basketball, L.L.C., and Phoenix Area Development Limited

Partnership as defendants. On January 3, 2022, Plaintiffs voluntarily dismissed Phoenix Area Development Limited Partnership. Pursuant to Rule 41(a) of the Arizona Rules of Civil Procedure, dismissal of that party is automatic without order of the court since the defendant never appeared in the action. Thus, the pending action in Maricopa County Superior Court is now entitled: *Martese Monroe and Cass Monroe v. Suns Legacy Partners, LLC and Phoenix Mercury Basketball, LLC*, Case No. CV2022-094430. True and correct copies of the Complaint, Summons, Certificate of Compulsory Arbitration, Docket, and Notice of Voluntary Dismissal of Defendant Phoenix Area Development Limited Partnership are attached as Exhibit A.

## II.   THE COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

### A.   The Parties To This Action Are Citizens Of Different States.

The United States District Court for the District of Arizona has diversity jurisdiction under 28 U.S.C. § 1332, because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000. Complete diversity between the parties exists because: (1) Plaintiffs are, and were at all relevant times, citizens of the state of Washington; and (2) no Defendants are, nor have any of them at any relevant times been, citizens of Washington.

#### i.   *Plaintiffs Martese Monroe and Cass Monroe are citizens of Washington.*

For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Citizenship is assessed "at the time of the filing of the complaint." *In re Hawaii Fed. Asbestos Cases*, 960 F.2d 806, 810 (9th Cir. 1992). Plaintiffs allege in the Complaint that they are residents of the State of Washington. [Exh. A, Complaint ¶ 1.] Accordingly, Plaintiffs are citizens of Washington.

ii. *Defendant Suns Legacy Partners, L.L.C. is not a citizen of Washington.*

Defendant Suns Legacy Partners, L.L.C. is a Delaware limited liability company. Thus, its citizenship is determined by the citizenship of its members. *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). Suns Legacy Partners, L.L.C.'s sole member is Suns Legacy Holdings, L.L.C. Attached as Exhibit B is a list of all members that hold a membership interest in Suns Legacy Holdings, L.L.C. and their states of citizenship. Various members of Suns Legacy Holdings, L.L.C. are trusts or partnerships. "A trust has the citizenship of its trustee or trustees." *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1227 (9th Cir. 2019) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). Partnerships are citizens of each state of which any partner is a citizen. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1064 n.10 (9th Cir. 2019). As demonstrated in Exhibit B, no members of Suns Legacy Holdings, LLC (i.e., Suns Legacy Partners, L.L.C.'s sole member) are citizens of Washington. Therefore, complete diversity exists between Plaintiffs and Suns Legacy Partners, L.L.C.

iii. *Defendant Phoenix Mercury Basketball, L.L.C. is not a citizen of Washington.*

Defendant Phoenix Mercury Basketball, L.L.C. is a Delaware limited liability company, and thus, its citizenship is determined by the citizenship of its members. *Horn*, 880 F.3d at 465 (citation omitted). Defendant Phoenix Mercury Basketball, L.L.C.'s sole member is Phoenix Arena Sports Limited Partnership, a Delaware limited partnership. The partners of Phoenix Arena Sports Limited Partnership include: (1) Legacy GP, L.L.C., a Delaware limited liability company; (2) Sports & Entertainment Services, LLC, an Arizona limited liability company; and (3) Phoenix Suns Marketing Limited Partnership, a Delaware limited partnership. Upon information and belief, no partners or members of Legacy GP, L.L.C., Sports & Entertainment Services, LLC, or Phoenix Suns Marketing

3

Limited Partnership are citizens of Washington. Therefore, complete diversity exists between Plaintiffs and Phoenix Mercury Basketball, L.L.C.

### B. The Amount In Controversy Exceeds $75,000.

A notice of removal need only contain a "plausible allegation" that the amount in controversy exceeds $75,000 and does not need to provide evidence supporting that allegation. *Dart Cherokee Basin Operating Co., L.L.C. v. Owens*, 135 S. Ct. 547, 554 (2014). Here, the Complaint seeks general, compensatory, and special damages, punitive damages, pre- and post-judgment interest, and attorneys' fees and costs. (Exh. A, Complaint at p.5.) Plaintiffs ask the Superior Court to assign the case to Tier 3 (for discovery and deadline purposes) on the basis they are claiming in excess of $300,000 in damages. (*Id.* at ¶ 9.) Given Plaintiffs' damages claims, there is a plausible allegation that the amount in controversy in this matter exceeds $75,000.

### III. REMOVAL IS TIMELY

A defendant in a civil action has thirty (30) days from the date it is served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Here, removal is timely because Defendants were served with the Complaint on December 8, 2022.

### IV. OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

Pursuant to Rule 3.6 of the Local Rules of the District Court for the District of Arizona, Defendants have served a copy of this notice on counsel for Plaintiffs and filed a copy of this notice with the Maricopa County Superior Court. A copy of the notice filed with state court is attached as Exhibit C. As of the date of this notice, no further proceedings are pending in the state court. Accordingly, Defendants request this action be removed from Maricopa County Superior Court to this Court.

4

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

1    RESPECTFULLY SUBMITTED this 9th day of January 2023.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:   /s/ Caroline Larsen
      Caroline Larsen
      Ricardo R. Bours
      Esplanade Center III, Suite 800
      2415 East Camelback Road
      Phoenix, AZ  85016
      Attorneys for Defendants Suns Legacy Partners, L.L.C. and Phoenix Mercury Basketball, L.L.C.

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of January 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing. I also hereby certify that on the same date, I served the attached document by email and first-class mail to:

Jody L. Broaddus
ATTORNEYS FOR FREEDOM
3185 South Price Road
Chandler, AZ 85248
Jody@AttorneysForFreedom.com


/s/ Bernadette Young

54502636.v1-OGLETREE